**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

RICKEY RAY WALLGREN, JR., )
)
Petitioner, )
)
-vs- ) Case No. CIV-18-824-F
)
RICK WHITTEN, )
)
Respondent. )

## ORDER

Petitioner, Rickey Ray Wallgren, Jr., a state prisoner proceeding *pro se*, commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The habeas petition asserts 50 grounds for relief. During the proceedings, petitioner also filed a motion for evidentiary hearing and a motion to appoint counsel. On March 12, 2020, United States Magistrate Judge Shon T. Erwin issued a 63-page Report and Recommendation, recommending that the court: (1) dismiss grounds 44, 45, and 47 of the habeas petition, (2) deny the remainder of the habeas petition, (3) deny the motion for evidentiary hearing, and (4) deny the motion to appoint counsel.

The court, upon motion, granted petitioner two extensions of time to file an objection to the Report and Recommendation. Petitioner timely filed his objection. Contemporaneous with his objection, petitioner filed a motion seeking leave to file a 99-page handwritten objection. In addition, petitioner filed three motions

---

[1] Petitioner challenges his state court conviction in the District Court of Pottawatomie County, State of Oklahoma, Case No. CF-2013-516, for two counts of violating 21 O.S. 2011 § 843.5(F)— sexual abuse of a child under twelve. He was sentenced to imprisonment for 25 years on each count and the Pottawatomie County court ordered the sentences to be served consecutively.

requesting the court: (1) reinstate his discovery motions and motion to supplement, (2) reconsider Magistrate Judge Erwin's order striking his motion to supplement, and (3) grant him leave to supplement his motion for evidentiary hearing with a specific request for a hearing pursuant to <u>Remmer v. United States</u>, 350 U.S. 377 (1956).

At the outset, the court grants petitioner's motion seeking leave to file the 99-page handwritten objection.  Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter.  Having done so, the court concurs with the cogent analysis of Magistrate Judge Erwin.  The court finds no need to repeat that analysis here.  The court finds petitioner's arguments to be without merit.  The court accepts, adopts and affirms the Report and Recommendation.

As stated, petitioner filed three motions in addition to his objection.  With respect to the motion to reinstate the discovery motions and the motion to supplement and the motion to reconsider the order denying the motion to reconsider Magistrate Judge Erwin's order striking the motion to supplement, the court finds the motions should be denied.

During the proceedings, Magistrate Judge Erwin had directed petitioner to file a reply to respondent's response to the habeas petition.  The reply was to be limited to 10 pages in length and was not to be used to reargue points and authorities included in the petition.  Doc. nos. 63 and 68.  Petitioner had also been advised that arguments outside those already included in his habeas petition and brief would not be considered.  Doc. no. 63.  Along with his reply,[2] petitioner filed two discovery motions and a motion to supplement including a 109-page handwritten attachment.  Doc. nos. 72, 73, and 74.  The attachment set forth petitioner's supplemental grounds

---

[2] Petitioner's reply consisted of 13 handwritten pages and a 141-page handwritten attachment. Magistrate Judge Erwin only permitted the main 13-page document to serve as petitioner's reply. Doc. no. 80.

of error and supplemental brief in support of those grounds.   Doc. no. 74-1. Magistrate Judge Erwin entered an order striking the motions because "the matter [had] reached a specific briefing posture" and the "motions [made] a systematic analysis of [petitioner's] purported claims impossible." Doc. no. 76. Petitioner filed a motion requesting this court to reconsider Magistrate Judge Erwin's order striking the motions.   Upon review in accordance with 28 U.S.C. § 636(b)(1)(A), the court denied the motion.   Doc. no. 83.   The court specifically found that petitioner had failed to show that Magistrate Judge Erwin's order was clearly erroneous or contrary to law. *Id.* Petitioner again requests the court to address his discovery motions and the motion to supplement.   The court, however, concludes that petitioner has not provided adequate justification for the court to reconsider its ruling—particularly after Magistrate Judge issued his Report and Recommendation with respect to the habeas petition.   Moreover, because the court has accepted, adopted and affirmed the Report and Recommendation, the court concludes that there is no basis for discovery and no reason for supplementation of the habeas petition and brief.

Even if the court were to find that petitioner has provided adequate justification for reconsideration of its ruling and were to reinstate the discovery motions and the motion to supplement, the relief requested by those motions would have been denied.   Initially, petitioner has not shown good cause for discovery as required by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.   *See*, Simpson v. Carpenter, 912 F.3d 542, 576 (10th Cir. 2018) ("Good cause [for discovery] is established where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.") (quotation omitted).

As to the motion to supplement, a petitioner may amend or supplement a § 2254 habeas petition "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also*, Rule 12 of the Rules Governing Section 2254

Cases in the United States District Courts.  Petitioner has indicated that his motion is brought pursuant to Rule 15(d), Fed. R. Civ. P.  Doc. no. 74.  The court need not decide whether petitioner's motion is one to supplement his habeas petition or one to amend his habeas petition.  As a general matter, "'the standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend.'"  Carter v. Bigelow, 787 F.3d 1269, 1278 n. 6 (10th Cir. 2015) (quoting Fowler v. Hodge, 94 Fed. Appx. 710, 714, 2014 WL 618070, at *4 (10th Cir. 2014)).

Under Rule 15(a)(2), Fed. R. Civ. P., "[t]he court should freely give leave [to amend] when justice so requires."  Rule 15(a)(2), Fed. R. Civ. P.; see also, Carter, 787 F.3d at 1279 (authorization to supplement pleadings should be liberally granted).  However, leave to amend may be denied on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  Duncan v. Manager, Dept. of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotation omitted); see also, United States v. Burbage, 280 Fed. Appx. 777, 782, 2008 WL 2332137, at *4 (10th Cir. 2008).

Petitioner's motion was unduly delayed.  The record reflects that petitioner was aware of his claim or claims relating to the alleged "modified" phone call evidence several months before he filed his motion to supplement.  See, doc. no. 59, ECF pp. 6-8; see also, doc. no. 49, ECF p. 44.   And it appears he was aware of the factual basis of his claim or claims before he filed his habeas petition.  Id.; see also, doc. no. 94, ECF pp.  6, 14, 19-20.  However, petitioner waited to file the motion to supplement until he filed his reply.  Petitioner clearly had sufficient time before he filed his reply to file his motion to supplement.  He also has not offered any adequate explanation for his delay in filing his motion.  See, Cleveland v. Havenek, 509 Fed. Appx. 703, 705, 2013 WL 363482, at *2 (10th Cir. 2013) (affirming denial of motion

4

to supplement for undue delay in filing motion) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

Additionally, it would be futile to allow an amendment or supplement to the habeas petition with petitioner's claim or claims because they have not been presented to the state court, and as indicated by respondent, *see*, doc. no. 62, ECF pp. 5-6, are subject to anticipatory procedural bar, and petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice to overcome the procedural bar.  *See*, Grant v. Royal, 886 F.3d 874, 892 (10th Cir. 2018).  And to the extent petitioner is merely seeking to add the purported evidence in support of ground 43 of his petition, the evidence is not new reliable evidence and is not sufficient to open the gateway for the court to review petitioner's procedurally defaulted claims.  Lastly, the court concludes that, contrary to petitioner's arguments, neither the Tenth Circuit's decision in Douglas v. Workman, 560 F.3d 1156, 1189-1196 (10th Cir. 2009), nor the district court's decision in Fontenot v. Allbaugh, 402 F. Supp. 3d 1110, 1152-1158 (E.D. Okla. 2019), support allowing supplementation of his habeas petition.

With respect to the request for leave to supplement his motion for evidentiary hearing with a specific request for a hearing pursuant to Remmer, the court finds the motion should be denied.  The court, in accepting, adopting and affirming the Report and Recommendation, has denied the motion for evidentiary hearing.  Also, the court finds that petitioner has waived the hearing request by failing to raise it before Magistrate Judge Erwin.  *See*, *e.g.* Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) (issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived).  Further, petitioner's claims for which he seeks the Remmer hearing are procedurally barred.

A state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court first issues a certificate of appealability.  *See*,

28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make that showing, a prisoner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  If the district court denies the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must, in order to obtain a certificate of appealability, demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  After reviewing the record, the court concludes that petitioner is unable to make the requisite showing for the issuance of a certificate of appealability.  Therefore, the court finds that a certificate of appealability should be denied.

Based upon the foregoing, it is hereby **ORDERED** as follows:

1. Petitioner, Rickey Ray Wallgren, Jr.'s "Motion for Leave of the Court to Exceed Page Limits Set by Rules of Procedure to Comply with Orders," filed April 30, 2020 (doc. no. 92), is **GRANTED**;

2. The Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin issued on March 12, 2020 (doc. no. 84) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**;

3. Petitioner, Rickey Ray Wallgren, Jr.'s "Motion for a Federal Habeas Corpus Plenary Hearing 28 U.S.C. § 2254," filed February 18, 2020 (doc. no. 70), "Motion for Appointment of Counsel," filed February 18, 2020 (doc. no. 71), "Objections/Fraud Upon the Court Motion Rule [60](b)

and[/]or Motion to Recall Mandate and[/]or Motion to Reconsider (Doc 76)," filed May 1, 2020 (doc. no. 94), and "Motion to Supplement Evidentiary Hearing Motion with Specific Motion for Remmer Hearing[]," filed May 1, 2020 (doc. no. 95), are **DENIED**;

4. Petitioner, Rickey Ray Wallgren, Jr.'s "Petition[] for the Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [b]y a [P]erson in State Custody Pro [S]e," filed August 24, 2018 (doc. no. 1), is **DISMISSED** as to grounds 44, 45 and 47 and **DENIED** as to the remaining grounds;

5. A certificate of appealability is **DENIED**; and

6. Judgment shall issue forthwith.

IT IS SO ORDERED this 21st day of May, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0824p008.docx