## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKEY RAY WALLGREN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | ) Case No. CIV-18-824-F |
| | ) |
| RICK WHITTEN, | ) |
| | ) |
| Respondent. | ) |

### ORDER

On May 21, 2020, the court, after *de novo* review, entered an order affirming the Report and Recommendation of United States Magistrate Judge Shon T. Erwin. *See*, doc. no. 96. The 63-page Report and Recommendation addressed petitioner, Rickey Ray Wallgren, Jr.'s 28 U.S.C. § 2254 habeas petition, which asserted 50 grounds for relief. In accordance with the Report and Recommendation, the court dismissed petitioner's § 2254 habeas petition as to grounds 44, 45 and 47 and denied it as to the remaining grounds. *Id*. The court also denied several motions filed by petitioner. *Id*. A final judgment was entered by the court that same day. *See*, doc. no. 97.

Early in the § 2254 habeas proceedings, the court also affirmed the order of United States Magistrate Judge Suzanne Mitchell denying petitioner's motion seeking a stay of the habeas proceedings pending the Supreme Court's ruling in Carpenter v. Murphy, 138 S.Ct. 2026 (May 21, 2018) (S.Ct. Case No. 17-1107) and seeking a stay-and-abeyance of the proceedings, if the Supreme Court affirms the Tenth Circuit's ruling in the case. *See*, doc. no. 31.

On June 5, 2020, petitioner filed a motion asking the court to reconsider its May 21st order and judgment. *See*, doc. no. 98. In his motion, petitioner additionally

requests the court to reconsider its ruling as to his stay-and-abeyance motion. *Id.*, ECF p. 9.

Because petitioner's June 5th motion was filed within 28 days from entry of the judgment, the court construes petitioner's motion as a motion to alter or amend the judgment pursuant to Rule 59(e), Fed. R. Civ. P. Rule 59(e), which applies to habeas proceedings, "enables a party to request a district court reconsider a just-issued judgment." Banister v. Davis, ___ S.Ct. ___, 2020 WL 2814300, at *2 (June 1, 2020). It "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Id.* (quoting White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982)).

Under Tenth Circuit precedent, grounds warranting a Rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion "may be granted when 'the court has misapprehended the facts, a party's position, or the controlling law.'" Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019) (quoting Servants of the Paraclete, 204 F.3d at 1012)). "[I]t may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Nelson, 921 F.3d at 929 (quoting Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n. 5 (2008), quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)).

Upon review of petitioner's motion, the court concludes there is no basis for Rule 59(e) relief. Petitioner presents no arguments which would satisfy any of the grounds warranting relief under Tenth Circuit precedent. The court therefore finds that petitioner's motion to alter or amend the judgment must be denied.

Accordingly, petitioner's motion to reconsider, filed June 5, 2020 (doc. no. 98), which is construed by the court as a motion to alter or amend the judgment pursuant to Rule 59(e), Fed. R. Civ. P., is **DENIED**.

IT IS SO ORDERED this 9th day of June, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0824p010.docx